UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ALVAREZ CABELLO RAMIREZ,<br><br>      Plaintiff,<br><br>    v.<br><br>ANDROID,<br><br>      Defendant.<br><hr>MANUEL ALVAREZ CABELLO RAMIREZ,<br><br>      Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>      Defendant. | Case No. 17-cv-03547-EMC<br><br>**RELATED CASE**<br><br>Case No. 17-cv-03570-EMC<br><br>**ORDER DISMISSING AMENDED COMPLAINTS**<br><br>Docket No. 15, C-17-3547<br><br>Docket No. 16, C-17-3570 |

      Plaintiff Manuel Alvarez Cabello Ramirez, proceeding pro se,[1] initiated the above-referenced actions as patent infringement actions. Judge Laporte granted his application to proceed in forma pauperis but ultimately recommended, pursuant to 28 U.S.C. § 1915(e), that his cases be dismissed for failure to state any plausible claim for relief. This Court adopted Judge Laporte's recommendation and dismissed the cases but gave Mr. Ramirez leave to amend. Mr.

---

[1] Mr. Ramirez is currently incarcerated. According to Mr. Ramirez, in November 2016, he was pulled over for a traffic violation and, because he was not able to provide "proper documentation," he was arrested and is "now facing possible deportation."

Ramirez has now filed an amended complaint in each action and the Court reviews those pleadings pursuant to § 1915(e).

The content of the amended complaints are essentially the same. In Case No. C-17-3547 EMC, Mr. Ramirez alleges that, in August 2016, he used his cell phone and his e-mail address to provide "upgraded software to Android for contract pay." However, because he is an "undocumented immigrant," he was not able to give Android the documentation needed to receive "proper compensation for work provided." Mr. Ramirez adds that, because of the services provided to Android, he should be deemed "a current employee" and the Court should order Android to provide him with "an e-verify[2] or HB-1 work visa" as well as "proper compensation for work provided." In Case No. C-17-3570 EMC, Mr. Ramirez makes the same allegations but with respect to Google instead of Android.

As the complaints currently stand, there are insufficient allegations to show that this Court has subject matter jurisdiction over the cases. In general, "original federal subject matter jurisdiction may be premised on two grounds": (1) federal question jurisdiction and (2) diversity jurisdiction. *Tourigny v. Symantec Corp.*, 110 F. Supp. 3d 961, 962 (N.D. Cal. 2015) (Cousins, J.). District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is, *e.g.*, between "citizens of different states" or between "citizens of a State and citizens or subjects of a foreign state." *Id.* § 1332(a).

In the instant cases, Mr. Ramirez has not invoked any federal law to support his claim that Android and/or Google[3] are liable to him. Accordingly, there does not appear to be federal

---

[2] According to the USCIS website, "E-Verify is an Internet-based system that allows businesses to determine the eligibility of their employees to work in the United States." https://www.uscis.gov/e-verify (last visited August 31, 2017).

[3] The Court notes that Android does not appear to be a legal entity separate and distinct from Google. *See* http://www.businessinsider.com/how-android-was-created-2015-3 (last visited August 31, 2017) (noting that Google acquired Android).

question jurisdiction over Mr. Ramirez's cases. As for diversity jurisdiction, even accepting that Mr. Ramirez (as an alien) has a different citizenship from Android and/or Google, *see Google Inc. v. Eolas Techs., Inc.*, No. 15-cv-05446-JST, 2016 U.S. Dist. LEXIS 78842, at *2 (N.D. Cal. June 16, 2016) (indicating that Google is incorporated in Delaware and has its principal place of business in California), the amount in controversy does not appear to exceed $75,000. Mr. Ramirez states no allegations establishing the amount in controversy.

Accordingly, the Court hereby **DISMISSES** the amended complaints in the above-referenced actions. The Court shall give Mr. Ramirez one final opportunity to amend his complaints. If Mr. Ramirez files amended complaints, he must make clear what is the basis for subject matter jurisdiction and include factual allegations to support the assertion of subject matter jurisdiction.

**Mr. Ramirez shall have until November 6, 2017, to file amended pleadings. If amended complaints are not filed by this date, then the Clerk of the Court shall enter final judgment in accordance with this order and close the file in this case.**

**IT IS SO ORDERED**.

Dated: August 31 2017

EDWARD M. CHEN
United States District Judge

3